## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Moore Enterprises, Inc.,                          )
d/b/a Firstat Nursing Services,                   )
on behalf of itself and all those similarly situated,   )
                                                  )
    Plaintiff,                 )
                                                  )
    v.                         )   Case No. <u>12-cv-2213 JWL</u>/DJW
                                                  )
Axxess Consult, Inc.,                             )
    Serve:   Adeniyi Olajide      )
        Registered Agent      )   DEMAND FOR JURY TRIAL
        12500 Merit Drive #2215   )
        Dallas, TX 75275      )
                                                  )
    and                        )
                                                  )
Adeniyi O. Olajide,                               )
    Serve:   12500 Merit Drive #2215   )
        Dallas, TX 75251      )
                                                  )
    Defendants.                )

## COMPLAINT
## (CLASS ACTION)

**COMES NOW** Plaintiff Moore Enterprises, Inc. d/b/a Firstat Nursing Services, on behalf of itself and all those similarly situated, and for its causes of action against Defendant Axxess Consult, Inc. and Defendant Adeniyi O. Olajide, states, alleges and avers to the Court as follows:

## Venue and Jurisdiction

1.    This action arises out of an incident that occurred on or about July 14, 2011, and dates thereafter, in Johnson County, Kansas.

2.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this complaint alleges violations of 47 U.S.C. § 227.  Jurisdiction over Plaintiff's state law

claims is proper pursuant to 28 U.S.C. § 1332(d) and/or 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## Parties

4.      Plaintiff Moore Enterprises, Inc. d/b/a Firstat Nursing Services (hereinafter referred to as "Moore Enterprises") is a Kansas corporation, maintaining its office at 8000 W 110th Street, Suite 115, Overland Park, Kansas 66210.

5.      Defendant Axxess Consult, Inc. (hereinafter referred to as "Axxess"), is and was corporation, formed in the State of Texas, that maintains a registered agent for the service of process in the State of Texas, such agent being: Adeniyi O. Olajide, Registered Agent, 12500 Merit Drive #2215, Dallas, TX 75251.

6.      At all times pertinent hereto, Defendant Axxess was not and is not registered or authorized to do business in the State of Kansas.

7.      Defendant Adeniyi O. Olajide, (hereinafter referred to as "Adeniyi Olajide"), is and was an individual, residing in the State of Texas, whose address is 12500 Merit Drive #2215, Dallas, TX 75251.

8.      At all times pertinent hereto, Defendant Adeniyi Olajide was an officer, director, managing agent, or held similar positions of managerial responsibility for Defendant Axxess.

9.      Defendant Adeniyi Olajide, either individually or jointly, held himself out as a partner or joint venturer using the names "Axxess Consult, Inc.," "Axxess Healthcare Consult" or "axxessconsult.com," none of which were registered names with the Kansas Secretary of State.

Moore Enterprises, Inc. v. Axxess Consult, Inc., et al.
Complaint

2

10.    Defendant Adeniyi Olajide had actual or constructive knowledge of the actions described herein, specifically the transmission of unsolicited facsimile advertisements, and participated therein.

## General Allegations

11.    On or about July 14, 2011, and thereafter, Plaintiff Moore Enterprises maintained telephone service at Plaintiff's business location in Johnson County, Kansas for sending and receiving facsimile transmissions ("faxes").

12.    On or about July 14, 2011, at approximately 12:45 p.m., Defendants acting jointly together transmitted or caused to be transmitted to Plaintiff's telephone facsimile machine an unsolicited fax advertisement, attached hereto as "Exhibit A."

## Class Action Allegations

13.    Plaintiff brings this action on its own behalf and on behalf of a class of all persons similarly situated pursuant to Rule 23.  The Plaintiff Class consists of all persons to whom Defendants transmitted one or more facsimiles promoting Defendants' consulting services during the previous four years.

14.    The Plaintiff Class satisfies all of the prerequisites stated in Rule 23(a):

(a)    The class is so numerous that joinder of all members would be impractical.  Upon information and belief, members of the class number in the hundreds or thousands.

(b)    There are questions of law or fact common to the class, such as whether or not Defendants committed the acts complained of and if the actions of Defendants violate the Telephone Consumer Protection Act and constitute conversion, invasion of privacy, and negligence.

(c)     The claims of the representative plaintiff are typical of the claims of the Plaintiff Class.

(d)     The representative plaintiff will fairly and adequately protect the interests of the class.  Representative plaintiff has no interests antagonistic to the class.  Plaintiff is represented by counsel with experience in litigation of tort and telecommunication cases.

15.     Further, the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the party opposing the class.

16.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

(a)     Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(b)     Liability and damages can be established for Plaintiff and the class with the same common proofs;

(c)     Statutory damages are provided for in the TCPA and are the same for all class members and can be calculated in the same or similar manner;

(d)     A class action will result in an orderly and expeditious

administration of claims, and it will foster economies of time, effort and expense;

(e)     A class action will contribute to uniformity of decisions concerning Defendants' practices;

(f)     As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

<u>**Count I:**</u>
<u>**Violation of the**</u>
<u>**Telephone Consumer Protection Act**</u>

17.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 16 as though fully set forth herein.

18.     In pertinent part, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(C) provides that:

> It shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement ...

19.     "Unsolicited advertisement" is defined by 47 U.S.C. § 227(a)(5) as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without the person's prior express invitation or permission, in writing or otherwise."

20.     The TCPA provides for a private right of action as stated in 47 U.S.C § 227(b):

> (3)     Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

(A)    an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

21.    On or about July 14, 2011, Defendants violated the TCPA by using or causing to be used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to Plaintiff's telephone facsimile machine.

**WHEREFORE**, Plaintiff Moore Enterprises, Inc., prays that this Court

(a)    Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b)    Enter judgment for Plaintiff and Plaintiff Class against Defendants awarding damages of $500.00 for each violation of the TCPA;

(c)    Enter a Preliminary and Permanent Injunction prohibiting Defendants from transmitting unsolicited facsimile advertisements; and

(d)    Any relief the Court deems just and proper under the premises.

## Count II:
## Conversion

22.     Plaintiff incorporates by reference Paragraphs 1 through 21 as though fully set forth herein.

23.     On or about July 14, 2011, at approximately 12:45 p.m., Plaintiff possessed an unqualified and immediate right to possession and use of its facsimile machine toner, paper, and memory.

24.     On or about July 14, 2011, at approximately 12:45 p.m., Defendants used or caused to be used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to Plaintiff's telephone facsimile machine, thereby consuming Plaintiff's facsimile machine toner, paper, and memory, and converting them for Defendants' own use, to the exclusion of the rights of Plaintiff.

25.     Plaintiff suffered damages resulting from loss of facsimile machine toner, paper, and memory.

**WHEREFORE**, Plaintiff Moore Enterprises, Inc., prays that this Court

(a)     Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b)     Enter judgment for Plaintiff and Plaintiff Class against Defendants awarding damages and costs of suit;

(c)     Enter a Preliminary and Permanent Injunction prohibiting Defendants from transmitting unsolicited facsimile advertisements; and

(d)     Any relief the Court deems just and proper under the premises.

**Count III:**
**Invasion of Privacy:**
**Intrusion On Seclusion**

26.     Plaintiff incorporates by reference Paragraphs 1 through 25 as though fully set forth herein.

27.     Plaintiff's telephone facsimile number is a secret and private matter because Plaintiff utilizes this number and provides this number to others only for legitimate business-related purposes.

28.     Plaintiff has the right to enjoy the use of its telephone facsimile machine for business-related purposes without the intrusion of unsolicited facsimile advertisements, which needlessly interrupt its business operations.

29.     Upon information and belief, Defendants unreasonably obtained Plaintiff's telephone facsimile number by compiling a list of telephone facsimile numbers from directories of professional business associations.

30.     Defendants unreasonably intruded into Plaintiff's solitude, seclusion, and private affairs on or about July 14, 2011, at approximately 12:45 p.m., by using or causing to be used a telephone facsimile machine, computer, or other device to send unsolicited facsimile advertisements to Plaintiff's telephone facsimile machine.

31.     This intrusion is highly offensive to a reasonable person because Defendants' unsolicited facsimile advertisements consume Plaintiff's facsimile machine toner, paper, and memory, and waste Plaintiff's employees' time.

**WHEREFORE**, Plaintiff Moore Enterprises, Inc. prays that this Court:

(a)     Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b)     Enter judgment for Plaintiff and Plaintiff Class against Defendants awarding damages and costs of suit;

(c)     Enter a Preliminary and Permanent Injunction prohibiting Defendants from transmitting unsolicited facsimile advertisements; and

(d)     Any relief the Court deems just and proper under the premises.

## Count IV:
## Negligence

32.     Plaintiff incorporates by reference Paragraphs 1 through 31 as though fully set forth herein.

33.     As the operators or controllers of a telephone facsimile machine, computer, or other device used to send telephone facsimile communications, Defendants owe a duty of care to conduct their facsimile marketing campaign in a reasonable manner so as not to cause unauthorized use and consumption of the facsimile machine toner, paper, and memory of others.

34.     Defendants acted unreasonably and breached this duty of care on or about July 14, 2011, at approximately 12:45 p.m., by unreasonably using or causing to be used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to Plaintiff's telephone facsimile machine, causing unauthorized use and consumption of Plaintiff's facsimile machine toner, paper, and memory.

35.     As the operators or controllers of a telephone facsimile machine, computer, or other device used to send telephone facsimile communications, Defendants owed a duty of care to conduct their facsimile marketing campaign in a reasonable manner so as not to cause unauthorized facsimile transmissions to the

telephone facsimile machines of others, such that other telephone facsimile machines, engaged with receiving unsolicited advertisements from Defendants, are unable to receive legitimate and desired transmissions.

36.     Defendants acted unreasonably and breached this duty of care on or about July 14, 2011, at approximately 12:45 p.m., by unreasonably using or causing to be used a telephone facsimile machine, computer, or other device to send unsolicited advertisements to Plaintiff's telephone facsimile machine, such that Plaintiff's telephone facsimile machine, engaged with receiving unsolicited advertisements from Defendants, was unable to receive legitimate and desired transmissions.

37.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages resulting from temporary loss of use of its facsimile machine and permanent loss of facsimile machine toner and paper.

**WHEREFORE**, Plaintiff Moore Enterprises, Inc. prays that this Court:

(a)     Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b)     Enter judgment for Plaintiff and Plaintiff Class against Defendants awarding damages and costs of suit;

(c)     Enter a Preliminary and Permanent Injunction prohibiting Defendants from transmitting unsolicited facsimile advertisements; and

(d)     Any relief the Court deems just and proper under the premises.

## Demand For Trial By Jury

Plaintiff, hereby, demands a trial by jury on all issues so triable.

## **Designation of Place of Trial**

Plaintiff requests Kansas City, Kansas as the place of trial.


Respectfully submitted,

**WOOD LAW FIRM, LLC**

By_____/s/Noah K. Wood_____
Noah K. Wood          KS Bar # 23238
noah@woodlaw.com
Michael T. Miller        KS Bar #24353
mike@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
(816) 256-3582
Fax: (816) 337-4243

Attorneys for Plaintiff